THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CARLOS IVAN PADILLA AVILA and MARIA GABRIELA PADILLA GALVIS,<br><br>Plaintiff,<br><br>v.<br><br>PAM BONDI, Attorney General of the United States, et al.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO DISMISS<br><br>Case No. 2:25-cv-00940-DBP<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants' Motion to Dismiss under Federal Rules 12(b)(1) and 12(b)(6).[1] On May 14, 2026, the court heard argument on Defendants' Motion. Following oral argument, the court made findings and entered a decision on the record. For the reasoning set forth at the hearing the court orders as follows.

Plaintiffs seek a decision on their I-485 applications after paying filing fees and complying with other requirements. They do not seek review of an actual decision granting or denying adjustment of their status under 8 U.S.C. § 1159(b), which they agree is discretionary. Instead, Plaintiffs challenge the absence of a decision after more than three years of waiting. The court finds it has federal question jurisdiction under the Administrative Procedures Act (APA) to review this type of challenge, which is a challenge to the process not the ultimate decision.

---

[1] Motion to Dismiss, ECF No. 24.

The Tenth Circuit has held that "[t]he availability of a remedy under the APA technically precludes [a plaintiff's] alternative request for a writ of mandamus."[2] The court therefore dismisses Plaintiff's Mandamus Act claim as they have access to a remedy under the APA.

In similar fashion, the court dismisses Plaintiffs' claims for declaratory judgment.[3]

Finally, the court dismisses Plaintiffs' Constitutional claims for violation of the Fifth Amendment Due Process and Equal Protection Clauses as these are not adequately pled.

Accordingly, Defendant's Motion to Dismiss is GRANTED IN PART. Plaintiffs' claims for violation of the Administrative Procedures Act, 5 U.S.C. § 555 et seq, remain. The other claims are dismissed. The court will set a status conference for the first part of July and provide notice to the parties.

DATED this 15 May 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[2] *Mt. Emmons Min. Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997; *see also Audubon of Kan., Inc.*, 67 F.4th at 1111 n.10 ("When review by other means, such as under the APA, is possible, mandamus isn't available.").

[3] *See Schilling v. Rogers*, 363 U.S. 666, 677, 80 S. Ct. 1288, 1296, 4 L. Ed. 2d 1478 (1960) ("the Declaratory Judgments Act is not an independent source of federal jurisdiction").

2